UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KODY SCHAUM, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:18-CV-269 JD-MGG |
| vs. | ) | |
| | ) | |
| KATHY GRIFFIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Kody Schaum, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983 against two officers and the warden at the Miami Correctional Facility (Miami). Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Schaum is currently housed at the Indiana State Prison. He sues for events that occurred while he was located at Miami. Schaum alleges that on August 1, 2017, he was being escorted to restrictive housing by Officer Conrad and Sargent Burton. At some point, Schaum resisted the escort. At that point, Officer Conrad threw Schaum to the

1

ground and began to punch him. During this time, Sgt. Burton saw Officer Conrad beat Schaum, but he did not intervene and allowed it to continue. Eventually, other officers arrived and pulled Officer Conrad off of Schaum. Ultimately, Officer Conrad's use of force led to him being fired from his job at the prison. Schaum sues Officer Conrad, Sargent Burton and Warden Kathy Griffin for money damages.

To start, Schaum sues Officer Conrad for using excessive force when he beat him on August 1, 2017. Schaum alleges that this officer beat him using unnecessary force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, giving Schaum the inferences to which he is entitled at this stage, he alleges a plausible claim that this defendant used force maliciously and sadistically to cause him harm. Thus, Schaum has alleged enough to proceed on this claim against Officer Conrad.

Next, Schaum sues Sargent Burton for failing to intervene in Officer Conrad's use of excessive force. "Police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir.1994). This is what has become

known as a "failure to intervene" basis for a constitutional violation under the Eighth Amendment, a principle which this circuit has long recognized. *Fillmore v. Page*, 358 F.3d 496 506 (7th Cir. 2004); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir.1982).

Giving Schaum the inferences to which he is entitled at this stage, he alleges a plausible claim that Sargent Burton knew that Officer Conrad was engaging in excessive force, had an opportunity to prevent them from using more force than was necessary under the circumstances, and nevertheless failed to intervene. Although further factual development may show that this defendant acted reasonably under the circumstances, or did not have a realistic opportunity to intervene, Schaum has alleged enough to proceed on this claim.

Finally, Schaum sues Warden Kathy Griffin. He first alleges that she is responsible for what goes on at the prison. However, "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The doctrine of respondeat superior has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Schaum also alleges that the warden failed to properly train these two officers. But, "[a]n allegation of a 'failure to train' is available only [where] the policymakers had acquiesced in a pattern of constitutional violations." *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). Here, the complaint does not mention any such pattern. Thus, the complaint does not state any claim against Warden Kathy Griffin.

For these reasons, the Court:

(1) GRANTS Kody Schaum leave to proceed on a claim against Officer Conrad in his individual capacity for compensatory and punitive damages for using excessive force against him on August 1, 2017, under the Eighth Amendment;

(2) GRANTS Kody Schaum leave to proceed against Sargent Burton in his individual capacity for monetary damages for failing to intervene in Officer Conrad's use of excessive force on August 1, 2017;

(3) DISMISSES Kathy Griffin as a defendant;

(4) DISMISSES any and all other claims contained in the complaint;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Conrad and Sargent Burton at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 11), pursuant to 28 U.S.C. § 1915(d); and

(6) ORDERS Officer Conrad and Sargent Burton to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 8, 2018

/s/ JON E. DEGUILIO
Judge
United States District Court