UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KODY SCHAUM, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO. 3:18-CV-269 JD-MGG |
| vs. | ) |  |
|  | ) |  |
| C/O A. Conrad, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

Kody Schaum, a *pro se* prisoner, was originally given leave to proceed against Officer Conrad for using excessive force against him on August 1, 2017, and Sergeant Burton for failing to intervene in that assault. Schaum has now filed an amended complaint, alleging three additional officers failed to intervene in Officer Conrad's use of excessive force. ECF 27. Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In his amended complaint, Schaum alleges that on August 1, 2017, he was being escorted to restrictive housing by Officer Conrad and Sergeant Burton. During the

1

escort, Officer Conrad verbally taunted Schaum. When they arrived at restrictive housing, there were five officers present: Sergeant Burton, Officer Conrad, Sergeant Nelson, C.O. Knuff, and an unidentified officer. Schaum was told to stand against a wall. When he did, Officer Conrad repeatedly slammed Schaum's head into the wall until he fell to the floor. Officer Conrad then punched him several times. During this time, Sgt. Burton, Sgt. Nelson, C.O. Knuff and the unidentified correctional officer all witnessed Officer Conrad beat Schaum, but did not intervene and allowed it to continue. Eventually, CO. Knuff told Officer Conrad "to stop before you kill him." Ultimately, Officer Conrad's use of force led to him being fired from his job at the prison. Schaum sues all five officers for money damages.

To start, Schaum sues Officer Conrad for using excessive force when he beat him on August 1, 2017. Schaum alleges that this officer beat him using unnecessary force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, giving Schaum the inferences to which he is entitled at this stage, he alleges a plausible claim that this defendant used force maliciously and sadistically to cause him harm. Thus, Schaum has alleged enough to proceed on this claim against Officer Conrad.

Next, Schaum sues Sgt. Burton, Sgt. Nelson, C.O. Knuff and an unidentified officer for failing to intervene in Officer Conrad's use of excessive force. "Police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir.1994). This is what has become known as a "failure to intervene" basis for a constitutional violation under the Eighth Amendment, a principle which this circuit has long recognized. *Fillmore v. Page*, 358 F.3d 496 506 (7th Cir. 2004); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir.1982).

Giving Schaum the inferences to which he is entitled at this stage, he alleges a plausible claim that these officers knew that Officer Conrad was engaging in excessive force, had an opportunity to prevent him from using more force than was necessary under the circumstances, and nevertheless failed to intervene. Although further factual development may show that these defendants acted reasonably under the circumstances, or did not have a realistic opportunity to intervene, Schaum has alleged enough to proceed on this claim against Sgt. Burton, Sgt. Nelson, and C.O. Knuff. However, the unidentified officer must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under FED. R. CIV. P . 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). If at some point in the future Schaum can identify and name or identify this defendant by

3

some other means, then he can attempt to amend his complaint at that time.

For these reasons, the Court:

(1) GRANTS Kody Schaum leave to proceed on a claim against Officer Conrad in his individual capacity for compensatory and punitive damages for using excessive force against him on August 1, 2017, under the Eighth Amendment;

(2) GRANTS Kody Schaum leave to proceed against Sergeant Burton, Sergeant Nelson and Correctional Officer Knuff in their individual capacities for monetary damages for failing to intervene in Officer Conrad's use of excessive force on August 1, 2017;

(3) DISMISSES Correctional Officer John Doe as a defendant;

(4) DISMISSES any and all other claims contained in the complaint;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sgt. Nelson and C.O. Knuff at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 27), pursuant to 28 U.S.C. § 1915(d); and

(6) ORDERS Officer Conrad, Sergeant Burton, Sergeant Nelson and Correctional Officer Knuff to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 18, 2018

             /s/ JON E. DEGUILIO
             Judge
             United States District Court